**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| IN RE: HENRY WEST NM COAST, LLC<br><br>DEBTOR(S) | §<br>§<br>§<br>§<br>§ | CASE NO. 24-80333<br><br>CHAPTER 11 |
|---|---|---|

**MOTION TO**
**LIFT STAY IN REM REGARDING PROPERTY**
**947 BARLEY ST., GILCHRIST, TEXAS 77617**
**(With Variance for Cause Below)**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NO LATER THAN 7 DAYS BEFORE THE DATE OF THE HEARING AND YOU MUST ATTEND THE HEARING.**

**THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONIC DELIVERY IF IT IS SENT LESS THAN FIVE BUSINESS DAYS PRIOR TO THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING. IF A TIMELY OBJECTION IS FILED, THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON DECEMBER 5, 2024 AT 9:00 AM BEFORE THE HONORABLE JUDGE ALFREDO R PEREZ, COUTROOM 400, 515 RUSK, HOUSTON, TX 77002.**

## SUMMARY

This instant bankruptcy filing comes just hours after Debtor was denied a Temporary Restraining Order in a state court complaint in which Debtor and its managing director Vinh Truong knowingly, intentionally, and fraudulently misrepresented facts in attempt to wrongfully acquire a temporary restraining order.

By its own admission in a state court Complaint filed October 31, 2024, the Plaintiff purportedly "purchased" this Property October 30, 2024, **just one day before the state court Complaint was filed**, and claimed it had no notice of the foreclosure. However, Plaintiff Henry West NM Coast, LLC is solely managed and directed by Vinh Truong, **the same individual who was the manager and director of the prior owner**, **Nap Resorts, LLC**, who not only received notices, but acknowledged them in email communications as reviewed below.

This new Debtor entity was not even entitled to notice of foreclosure anyway because Plaintiff was not a party to the security instrument. *See Robinson v. Wells Fargo Bank, N.A.,* 2022 U.S. App. LEXIS 14148 (5th Cir.2022) citing *Garza*, 632F.App'x at 224 (concluding a non-debtor was not entitled to foreclosure notice).

Having lost its request for a temporary restraining order November 4, 2024, Debtor then filed the instant case to use the automatic stay to stop foreclosure in bad faith. Debtor's schedules do not appear correct. It has no ability to reorganize. The amount owed is $3. million and recent interior appraisal shows value of only $1.2 million (Property suffered storm damage that has not been repaired). And the transfer of the property just one week ago appears to have been a bad faith scheme as contemplated by 11 U.S.C. § 362(d)(4).

Cause exists to terminate the automatic stay IN REM pursuant to 11 U.S.C. § 362(d)(4) for cause. Movant prays the Court i) terminate the automatic stay IN REM for cause, ii) waive the 14 day stay of order under Rule 4001(a)(3), and iii) and grant such further and other relief as the Court deems just.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 4, 2024, undersigned counsel received notice of this bankruptcy filing from Debtor's counsel at 4:20 PM. Undersigned counsel emailed counsel for the Debtor at 4:23 PM in regards to this Motion and requested relief. Debtor's counsel responded at 4:30 PM that Debtor is opposed.

1. This Motion requests an Order from the Bankruptcy Court authorizing the person filing this Motion to foreclose on or to repossess the property that is identified in paragraph 3.

2. Movant: Western Commerce Bank

3. Movant, directly or as agent for the holder, holds a security interest in 947 Barkley St., Gilchrist, Texas 77617.

That certain 2.167 acre tract, being comprised of a called 1.44 acre tract (Tract One) and a called 0.713 acre tract (Tract Two) conveyed to Frontage Hotels LLC as recorded in Clerks File No. 2017008042 of the Official Public Records of Galveston County, Texas out of the Rueben Barrow Survey, Abstract 31 of Galveston County, Texas, said 2.167 acre tract being more particularly described by metes and bounds as follows:

Note: Bearings are referenced to the NAD83 Texas State Plane Coordinate System, South Central Zone #4204.

**BEGINNING** at a capped iron rod marked "Orange Coastal Surveying" (N=13,754,458.91, E=3,387,696.40) found in the south right-of-way line of State Highway No. 87 for the northeast corner of a called 0.50 acre tract conveyed to Hilo Tide Properties LLC as recorded in Clerks File No. 2017036178 of the said Official Public Records and the northwest corner of the said 2.167 acre tract;

THENCE North 65°02'48" East along the said south right-of-way line of State Highway No. 87 and the north line of the said 0.713, 1.44 and 2.167 acre tracts a distance of 123.51 feet (called North 67°10'00" East 123.60 feet) to a fence footing for the northwest corner of a called 1.00 acre tract conveyed to SG & R Family Holdings, LLC as recorded in Clerks File No. 2016003625 of the said Official Public Records and the northeast corner of the said 1.44 and 2.167 acre tracts;

THENCE South 27°10'52" East along the west line of the said 1.00 acre tract and the east line of the 1.44, 0.713 and 2.167 acre tract, passing at a distance of 505.50 feet a capped iron rod marked "Orange Coastal Surveying" for reference, and continuing a total distance of 761.17 feet (called South 25°00'00" East 759.01 feet) to a point in the Mean High Water Line of the Gulf of Mexico as surveyed on May 28, 2021 for the southeast corner of the said 2.167 acre tract;

THENCE South 62°39'29" West along the said Mean High Water Line of the Gulf of Mexico and the south line of the said 2.167 acre tract a distance of 123.81 feet (called South 65°13'11" West 123.52 feet) to a point for the southwest corner of the said 2.167 acre tract;

THENCE North 27°09'07" West along the east line of a tract conveyed to Galveston County as recorded in Clerks File No. 2011056380 of the said Official Public Records, the remainder of a called 1.676 acre tract (Tract I) conveyed to Anthony Valenti and Marian Alix Valenti as recorded in Clerks File No. 2004073603 of the said Official Public Records, and the said 0.50

acre tract, and being the west line of the said 1.44 and 2.167 acre tracts, passing at 257.32 feet a 5/8" iron rod found for reference, and continuing a total distance of 766.32 feet (called North 25°00'00" West 763.21 feet) to the **POINT AND PLACE OF BEGINNING**, containing in area 2.167 acres of land, more or less.

("Property").

4. Movant has reviewed the schedules filed in this case. The property described in paragraph 3 is claimed as non-exempt by the debtor. Movant does not contest the claimed exemption.

5. Type of collateral (e.g., Home, Manufactured Home, Car, Truck, Motorcycle): Hotel.

6. Debtor's scheduled value of property: $4,794,828.00, DK# 1-3, p. 9.

7. Movant's estimated value of property: $1,200,000.00 by appraisal October 21, 2024, Ex. G.

8. Total amount owed to Movant: $3,381,739.38 through September 20, 2024 (higher now).

9. Estimated equity (paragraph 7 minus paragraph 8): ($2,181,739.00)

10. Total pre and post-petition arrearages: Before acceleration arrears were $242,087.70. Now total debt claim $3,381,739.38 through September 20, 2024.

11. Total post-petition arrearages: n/a

12. Amount of unpaid, past due property taxes, if applicable: n/a

13. Expiration date on insurance policy, if applicable: n/a

14. __X___ Movant seeks relief based on the Debtor(s) failure to make payments. Debtor(s)' payment history is attached as Exhibit "A." Movant represents that the attached payment history is a current payment history reflecting all payments, advances, charges and credits from the beginning of the loan. Movant further represents that the payment history is self-explanatory or can be interpreted by application of coding information that is also attached. Movant acknowledges that the Court may prohibit the use of parol evidence to interpret a payment history that does not satisfy these representations.

**VARIANCE**

**EXHIBITS REFERENCED HEREIN**

**A** – June 17, 2021 Note.

**B** – June 17, 2021 Deed of Trust.

**C** – September 20, 2024 Notice of Default and Intent to Accelerate

**D** – Returned Certified Mailings for Notice of Default and Intent to Accelerate

**E** – October 14, 2024 Notice of Acceleration and Enclosing Notice of Substitute Trustee's Sale

**F** – Certified Mailings for Notice of Acceleration and Enclosing Notice of Substitute Trustee's Sale

**G** – Appraisal effective October 21, 2024 of $1.2 million

**H** – State Court Complaint by Debtor October 31, 2024

**I** – Payoff September 20, 2024

## REVIEW

1. On Jun 17, 2021, Nap Resorts, LLC ("Nap") financed $3,402,500.00 with Western. **Ex. A – Note.**

2. Western was secured by a Deed of Trust granting Western a secured interest in real property 947 Barkley St., Gilchrest, Texas 77617, more particularly described below: **Ex. B – DOT.**

That certain 2.167 acre tract, being comprised of a called 1.44 acre tract (Tract One) and a called 0.713 acre tract (Tract Two) conveyed to Frontage Hotels LLC as recorded in Clerks File No. 2017008042 of the Official Public Records of Galveston County, Texas out of the Rueben Barrow Survey, Abstract 31 of Galveston County, Texas, said 2.167 acre tract being more particularly described by metes and bounds as follows:

Note: Bearings are referenced to the NAD83 Texas State Plane Coordinate System, South Central Zone #4204.

BEGINNING at a capped iron rod marked "Orange Coastal Surveying" (N=13,754,458.91, E=3,387,696.40) found in the south right-of-way line of State Highway No. 87 for the northeast corner of a called 0.50 acre tract conveyed to Hilo Tide Properties LLC as recorded in Clerks File No. 2017036178 of the said Official Public Records and the northwest corner of the said 2.167 acre tract;

THENCE North 65°02'48" East along the said south right-of-way line of State Highway No. 87 and the north line of the said 0.713, 1.44 and 2.167 acre tracts a distance of 123.51 feet (called North 67°10'00" East 123.60 feet) to a fence footing for the northwest corner of a called 1.00 acre tract conveyed to SG & R Family Holdings, LLC as recorded in Clerks File No. 2016003625 of the said Official Public Records and the northeast corner of the said 1.44 and 2.167 acre tracts;

THENCE South 27°10'52" East along the west line of the said 1.00 acre tract and the east line of the 1.44, 0.713 and 2.167 acre tract, passing at a distance of 505.50 feet a capped iron rod marked "Orange Coastal Surveying" for reference, and continuing a total distance of 761.17 feet (called South 25°00'00" East 759.01 feet) to a point in the Mean High Water Line of the Gulf of Mexico as surveyed on May 28, 2021 for the southeast corner of the said 2.167 acre tract;

THENCE South 62°39'29" West along the said Mean High Water Line of the Gulf of Mexico and the south line of the said 2.167 acre tract a distance of 123.81 feet (called South 65°13'11" West 123.52 feet) to a point for the southwest corner of the said 2.167 acre tract;

THENCE North 27°09'07" West along the east line of a tract conveyed to Galveston County as recorded in Clerks File No. 2011056380 of the said Official Public Records, the remainder of a called 1.676 acre tract (Tract I) conveyed to Anthony Valenti and Marian Alix Valenti as recorded in Clerks File No. 2004073603 of the said Official Public Records, and the said 0.50 acre tract, and being the west line of the said 1.44 and 2.167 acre tracts, passing at 257.32 feet a 5/8" iron rod found for reference, and continuing a total distance of 766.32 feet (called North 25°00'00" West 763.21 feet) to the POINT AND PLACE OF BEGINNING, containing in area 2.167 acres of land, more or less.

3. The Property in question is a small hotel beachfront in Gilchrest, Texas, just Northeast of Galveston. (Pic below).




4. The Deed of Trust states notices are effective when deposited into the mail to the property address. **Ex. A, p. 7.**

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

5. Nap is solely managed and directed by Vinh Truong, the managing member of the instant Plaintiff Henry West NM Coast, LLC, a New Mexico LLC.

| | | | |
|---|---|---|---|
| **Filing Number:** | 803997683 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | March 25, 2021 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | NAP RESORTS LLC | | |
| **Address:** | 3207 MERCER ST<br>Houston, TX 77027-6017 USA | | |

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT

| Last Update | Name | Title |
|---|---|---|
| August 29, 2024 | Vinh Truong | Managing Member |

6. Nap Defaulted on payments.

7. On September 20, 2024, Nap was provided a Notice of Default and Intent to Accelerate by first class and certified mail. **Ex. C – Sept 2024 NOD.** The Notice provided that at that time the arrears were $256,959.17. **Id.**

8. The certified mailings were returned to sender. **Ex. D – NOD Returns.** However, they were effective when deposited into the mail pursuant to the terms of the Deed of Trust. **Ex. A.**

9. On October 14, 2024, Nap was provided a Notice of Acceleration and Enclosing Notice of Substitute Trustee's Sale by first class and certified mail. **Ex. E – NOA/Sale, Ex. F – Certified Mailing.**

10. The USPS reflects these notices were properly and timely mailed. **Ex. E – Certified mailings**. Delivery was attempted and rejected.



11. However, there is no doubt Vinh Truong and Nap were aware of the notices and foreclosure. For instance, on October 17, 2024, Mr. Truong emailed from email address borasurfclub@gmail.com to a representative for Western and included communication to the law firm of Hughes Watters & Askanse, which had sent out the notices, and stated in part "Thank you for your message regarding the loan balance **and acceleration**."

**From:** Bora Surf Club <borasurfclub@gmail.com>
**Sent:** Thursday, October 17, 2024 1:35 PM
**To:** Dustin Henry <dhenry@wcb.net>
**Subject:** Re: Patel - Nap Resorts LLC - 947 Barkley St Crystal beach TX 77650 -

Follow-up on Loan, Appraisal, and Insurance Check

Dear HWA

Thank you for your message regarding the loan balance and acceleration.

12. On October 24, 2024, Mr. Truong requested and received an updated payoff quote through November 2, 2024. In said email, he further advised that Nap "will withhold the forthcoming $100k supplement check. Instead, we plan to use these funds to file for bankruptcy, which will initiate prolonged litigation, potentially locking the property for the next 5 years."

**From:** VIN DUSTRY <vinhdustry@gmail.com>
**Sent:** Thursday, October 24, 2024 3:21 PM
**To:** Aaron J. Espinoza <AJEspinoza@hwa.com>
**Subject:** Re: 947 Barkley Urgent Assistance Needed for Claim Check and Hotel Recovery

Payoff and Reinstatement Request - NAP Resort LLC

Dear Aaron,

Thank you for your response. Please provide a detailed payoff and reinstatement quote valid through 11/2/2024.

Regarding the property's potential REO status, I believe it will remain on the market for 12 months without buyers. Additionally, I have noticed recurring escrow fees being drafted from my account, such as:

- 10/18/24: $570.37
- 09/18/24: $570.37
- 08/20/24: $570.37

Could you clarify the nature of these charges?

Since the bank will not endorse the insurance check or approve a loan modification, Nap Resorts will withhold the forthcoming $100K supplement check . Instead, we plan to use these funds to file for bankruptcy, which will initiate prolonged litigation, potentially locking the property for the next 5 years. During this period, the bank would lose out on $30K per month in interest, escrow and insurance payments, amounting well over $1.8 million over five years.

For reference, here is my bankruptcy attorney for the filing next week:
Mills Shirley - Protecting Real Estate Interests.

Please let me know if the bank is willing to reconsider before we move forward.

Best regards,

13. Nap was in significant default of its loan payments. Its income was insufficient to cover its costs which it acknowledged by emails October 2, 2024. In fact, the property suffered storm damage and Nap wanted to apply insurance towards the debt instead of making appropriate repairs.

**From:** VIN DUSTRY <vinhdustry@gmail.com>
**Sent:** Wednesday, October 2, 2024 6:15 PM
**To:** Dustin Henry <dhenry@wcb.net>
**Subject:** 947 Barkley Urgent Assistance Needed for Claim Check and Hotel Recovery

Dustin,

Hey. I wanted to reach out to share some important news: I finally received the claim check for **$58,375.70**. While this is a relief, I find myself at a crossroads and urgently need your guidance on the next steps to take with this check.

As you know, we have faced significant challenges with the hotel due to recent weather storms, leading to damage that requires immediate repairs. We've been through three management companies already, and with our current projections being less than anticipated, it feels like we're constantly fighting an uphill battle. In the past three months since reopening, we've only managed to make **$30,000**, which is disheartening given the hard work we've put into turning this place around.

The emotional weight of this situation feels like losing a child. We've worked tirelessly to breathe life back into the hotel, transforming it from a rundown property into a promising venture. However, the mounting pressures from our lender and the fear of losing everything we've fought for are overwhelming.

I would like your help in exploring options such as an SBA loan, loan modification, or any other solutions that might allow us to save the hotel. Here are some thoughts I have on how to proceed with the check:

- Can we roll the check amount back into our loan to reset the payment schedule?
- Is it possible to consider a winter freeze on the interest, allowing us to pay only the principal until February?
- What steps can we take to get back into a manageable payment plan with our lender?

I genuinely believe we can turn this situation around with your support. I'm counting on your expertise to help us navigate these challenges and to ensure that the bank does not give up on us. I have not given up on this dream, and I'm committed to making it work.

Thank you for your understanding and support during this difficult time. I look forward to your guidance.

Best regards,
Vinh Troung

14. Mr. Truong's emails clearly show Nap knew about the default, acceleration, and sale. It expressly stated it was withholding funds in response to failure to receive a loan modification and indicated it would instead use those funds to pay for bankruptcy counsel in response to the acceleration.

15. Instead, on October 30, 2024 Mr. Truong, as managing director of Nap, deeded the Property over to Plaintiff Henry West NM Coast, LLC.

16. On October 31, 2024, Henry West then filed a state court complaint in which it argued it lacked any notice of foreclosure, stating, inter alia, "Oddly, Plaintiff started receiving an overwhelming volume of text messages and phone calls informing them that their Property is posted for foreclosure" and that Plaintiff was "alarmed" and had no notice of such foreclosure. **Ex. H.**

17. Yet Plaintiff also acknowledges in Mr. Truong's affidavit Mr. Truong is the "Managing Member of Henry West NM Coast, LLC". **Complaint, p. 9.**

18. Debtor's prior claims in the state court proceeding that it had no notice was entirely false. Mr. Truong not only received notice, he emailed in acknowledgment of it.

19. Further, as a legal matter, it doesn't matter. Henry West NM is not a party to the security instrument and therefore under 5th Circuit law was not entitled to notice of the foreclosure regardless, and certainly not after its managing director deeded the property to it just days before the scheduled foreclosure. It further appears the "purchase price" was $10 by Plaintiff.

20. At hearing November 4, 2024, the state court denied Debtor's request for a Temporary Restraining Order.

21. That same day, Debtor filed the instant case. The only asset in this case appears to be Property and the only listed creditor appears to be Movant.

22. Pursuant to § 362(d)(4), this Court may grant Movant *in rem* relief from the automatic stay of an act against the Property if the Court finds that the filing of the petition in this case "was part of a scheme to delay, hinder, and defraud creditors that involved (a) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval." In the instant case, Nap Resorts, LLC violated its security agreement (again) by transferring the Property to Debtor without any notice or consent. It was further done in bad faith.

23. A Court may draw a permissive inference of the intent to hinder, delay, or defraud creditors from the mere timing and filing of multiple bankruptcy cases. *In re: Henderson*, 395 B.R. 893, 903 (Bankr. D.S.C. 2008); *In re: Johnson*, No. 07-33312, 2008 WL 183342 (Bankr. E.D.Va.

Jan. 18, 2008); *In re: Montalvo*, 416 B.R. 381 (Bankr. E.D.Ny. 2009); *In re: Blair*, Nos. 09-76150 & 09-77562, 2009 WL 5203738 (E.D.Ny. Dec. 21, 2009). The instant case was filed hours after Debtor was denied a temporary restraining order and one day before a schedule foreclosure sale.

24. The Bankruptcy Code affords relief only to the "honest but unfortunate debtor", *Mc Oakhill, LLC v. Kite (In re Kite)*, 2018 Bankr.LEXIS 4075 (Bankr.N.D.Tex.2018).

25. In this case, Debtor has already entered bankruptcy with unclean hands. Debtor's managing director transferred the Property out of the prior owner entity to this new owner for fraudulent purposes, i.e. to claim to the state court the new entity had "just purchased" the property and had no notice of foreclosure, when its managing member clear did know full well about the foreclosure and had been communicating about it with Movant and Movant's counsel.

26. Now this entity has filed bankruptcy on the Property its managing director wrongfully transferred to it just days ago. It has filed short-form with mostly blank schedules and no listing of income.

27. Cause exists to terminate the stay IN REM.

15. _______ Movant seeks relief based on the Debtor(s)' failure to provide certificate of insurance reflecting insurance coverage as required under the Debtor's pre-petition contracts.

16. If applicable: Name of Co-Debtor:

17. Based on the foregoing, Movant seeks termination of the automatic stay and the Co-Debtor stay, if applicable to allow Movant to foreclose or repossess the Debtor(s)' property and seeks to recover its costs and attorneys' fees in an amount not to exceed the amount listed in paragraph 9.

18. Movant certifies that prior to filing this Motion an attempt was made to confer with the Debtor(s)' counsel (or with Debtor(s), if *pro se*) by email November 4, 2024. An agreement could not be reached. If requested by Debtor or Debtor's counsel, a payment history in the form attached to this Motion was provided at least two business days before this Motion was filed.

Date: November 5, 2024                    Respectfully submitted:

                                              */s/ Michael Weems*
Movant's Counsel Signature
**Dominique Varner** TBA #00791182/FIN 18805
Direct: 713-590-4218, dvarner@hwa.com;
**Michael Weems** TBA #24066273
Direct: 713-590-4222, mweems@hwa.com
**HUGHES, WATTERS & ASKANASE, L.L.P.**
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone (713) 590-4200
Fax (713) 590-4230
ATTORNEY FOR MOVANT

**Certificate of Service and Certificate of Compliance with BLR 4001**

      A copy of this motion was served on the persons shown below and on exhibit "1" at the addresses reflected on that exhibit on 5 day of November, 2024 by electronic mail or by prepaid United States first class mail. Movant certifies that Movant has complied with Bankruptcy Local Rule 4001.

Henry West NM Coast, LLC  
1209 Mountain Road Place NW  
Albuquerque, NM 87110

Robert C Vilt  
5177 Richmond Ave  
Suite 1230  
Houston, TX 77056

U.S. Trustee  
515 Rusk Ave  
Suite 3516  
Houston, TX 77002

           */s/ Michael Weems*  
           HUGHES, WATTERS & ASKANASE, L.L.P.  
           Dominique Varner   TBA #00791182/FIN 18805  
           Michael Weems   TBA #24066273